**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

South Carolina Department of Motor Vehicles,
Appellant,

v.

Samuel James, Respondent.

Appellate Case No. 2017-002394

Appeal From The Administrative Law Court
Harold W. Funderburk, Jr., Administrative Law Judge

Unpublished Opinion No. 2020-UP-274
Submitted June 1, 2020 – Filed September 30, 2020

**AFFIRMED**

Frank L. Valenta, Jr., Philip S. Porter, and Brandy Anne Duncan, all of Blythewood, for Appellant.

Margie Bright Matthews, of Bright Matthews Law Firm, LLC, of Walterboro, for Respondent.

**PER CURIAM:** The South Carolina Department of Motor Vehicles (SCDMV) appeals the administrative law court's (ALC) order affirming the decision of the Office of Motor Vehicle Hearings (OMVH) hearing officer to rescind the suspension of Samuel James's driver's license, arguing the two-hour-and-three-

minute delay in collecting James's breath sample did not materially affect the accuracy or reliability of the test results or the fairness of the procedure. We affirm the rescission of the suspension.

James was involved in a motor vehicle accident sometime before 3:30 a.m. on March 6, 2016; Trooper Sherry Pence arrived on the scene at 4:13 a.m. She was unable to administer a field sobriety test because James was pinned under his vehicle and required medical attention. Trooper Pence testified she arrested James at the hospital because of the strong odor of alcohol emanating from him. Although the breath test report states the time of arrest as 7:17 a.m., Trooper Pence admitted her notes reflect that she arrested and *Mirandized* James at 6:45 a.m., while he was still in the hospital. James was released from the hospital after 7:00 a.m. Trooper Pence administered the breathalyzer test at 8:48 a.m., two hours and three minutes after her notes reflect James was arrested. *See* S.C. Code Ann. § 56-5-2950(A) (2018) ("A breath sample taken for testing must be collected within two hours of the arrest.").

In the February 9, 2017 order rescinding the suspension of James's driver's license, the OMVH hearing officer concluded, "[T]he failure to collect the breath sample within two hours of the arrest as required by § 56-5-2950(A) materially affected the accuracy and reliability of the test result, and that the test result must be excluded from evidence as a result." No evidence was offered before the hearing officer as to how any delay in administering the test over five hours after the accident would or would not have "materially affected" the accuracy or reliability of the test results or the fairness of the procedure. *See* S.C. Code Ann. § 56-5-2950(J) (2018) (providing that the failure to collect the breath sample within two hours "shall result in the exclusion from evidence of any test results, if the trial judge or hearing officer finds that this failure materially affected the accuracy or reliability of the test results or the fairness of the testing procedure and the court[,] trial judge[,] or hearing officer rules specifically as to the manner in which the failure materially affected the accuracy or reliability of the test results or the fairness of the procedure."). The ALC recognized this, finding the hearing officer "concluded the breath test result is not an accurate or reliable indicator of the alcohol level while driving if administered more than two hours after arrest. In this case, not only was the statutory mandate exceeded but the sample was taken and tested at least five hours after the accident."

As the only evidence in the record supports that the test was given past the statutory deadline, and the ALC acknowledged testing occurred over five hours after the accident, we find substantial evidence supports the ALC's order affirming

the OMVH hearing officer's rescission of the suspension of James's driver's license. *See Major v. S.C. Dep't of Prob., Parole & Pardon Servs.*, 384 S.C. 457, 464, 682 S.E.2d 795, 799 (2009) ("The decision of the ALC should not be overturned unless it is unsupported by substantial evidence or controlled by some error of law. The ALC's order should be affirmed if supported by substantial evidence in the record." (citation omitted)); S.C. Code Ann. § 1-23-610(B) (Supp. 2019) (providing this court's standard of review of ALC decisions).

**AFFIRMED.**[1]

**HUFF, THOMAS, and MCDONALD, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.